UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEXIS SALVANT | CIVIL ACTION |
| VERSUS | NO. 06-11213 |
| LT. HOLT ET AL. | SECTION "J" (2) |

### FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Alexis Salvant, was a prisoner incarcerated in the Orleans Parish Prison system ("OPP"). Plaintiff instituted the captioned suit pursuant to 42 U.S.C. § 1983 alleging that while incarcerated at OPP, prison officials failed to protect her and subjected her to excessive force during an incident involving an altercation with another inmate. Record Doc. No. 1, Complaint at ¶ IV.

By telephone on January 22, 2007, and by letter entered in the record on February 22, 2007, Record Doc. No. 13, the court was advised by the office of Orleans Parish Criminal Sheriff Marlin Gusman that plaintiff had been released from incarceration on December 12, 2006. Accordingly, by order dated January 26, 2007, Record Doc. No. 3, the Clerk was directed to enter on the docket sheet of this case the address which plaintiff had advised in her original complaint would be her home address "if [she was] no longer incarcerated . . ." Record Doc. No. 5, Complaint at p. 7.

By separate order also issued January 26, 2007, the court required plaintiff to file with the court on or before February 16, 2007 (1) a written list of the full names of all persons whom plaintiff contends violated her constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness. A review of the record indicates that this order was mailed to plaintiff at the home address she had previously provided to the court as set out above. This order was returned to the court and no response from plaintiff has been received. Record Doc. Nos. 8 and 11.

Because the court's orders sent to plaintiff by the court had been returned to the court, staff of the undersigned magistrate judge inquired and were advised by OPP that plaintiff left no forwarding address when she was released on December 12, 2006. The court was provided, however, with plaintiff's initial booking address. Accordingly, by order dated February 27, 2007, plaintiff was ordered to show cause why her suit should not be dismissed for failure to prosecute based on her failure to comply with the court's previous order dated January 26, 2007. Alternatively, plaintiff was again ordered to file

her written statement of facts, witnesses and exhibits no later than March 16, 2007. Plaintiff was advised that this would be her final notice of the court's requirement, that it is her responsibility to keep the court advised of any address change and that failure to comply with this order would result in a recommendation that her case be dismissed for failure to prosecute.  The Clerk was directed to send a copy of this order to plaintiff at the home address previously entered on the docket sheet of this case, as provided by plaintiff in her original complaint, <u>and</u> at the initial booking address provided to the court by OPP.  The record reflects that this order has been returned to the Clerk from both the home address provided by plaintiff and the initial booking address provided by OPP, and no response from plaintiff has been received.  Record Doc. Nos. 14 - 17.

Virtually every order addressed to plaintiff from the court has been returned.  All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1E and 41.3.1E.  In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated November 21, 2006 and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or

comply with any order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh her actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

      The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. The court has made its own independent efforts to obtain a valid mailing address for plaintiff, who has made no effort to keep the court apprised of her whereabouts. Plaintiff's failure to comply with Local

Rules 11.1E and 41.3.1E and the court's January 26 and February 27, 2007 orders clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that she may object to the Magistrate Judge's proposed Findings and Recommendation within ten (10) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that her objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Alexis Salvant be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this __30th__ day of March, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE